UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                  CRIMINAL NO. 3:24-CR-67-DPJ-ASH

MARCOS PEREZ-HERNANDEZ

ORDER

On August 13, 2025, Defendant Marcos Perez-Hernandez filed a pro se "Request for Disposition of Pending Charges Pursuant to the Interstate Agreement on Detainers Act (IADA) of 1970."  Mot. [35] (capitalization altered).  At the Court's request, the United States filed a response on March 12, 2026.  Gov't Resp. [41].  Defendant did not file a reply, and the time to do so has passed.  Having reviewed the motion and response, the Court finds Defendant's request [35] should be denied.

I.      Background

Defendant "is a Guatemalan national who is present in the United States illegally."  Gov't Resp. [41] at 1.  In 2018, he pled guilty to a state kidnapping charge.  *Id.* at 1.  An immigration judge then found he was present illegally and ordered him removed.  *Id.*  When Defendant was arrested for DUI in Mississippi in 2024, United States Immigration and Customs Enforcement (ICE) "ordered the current detainer."  *Id.* at 2; *see* PSR [23] ¶ 17 (stating "ICE agent issued an immigration detainer.").

Also in 2024, Defendant was charged in this case with illegal reentry in violation of 8 U.S.C. §§ 1236(a)(1) and (b)(1).  Indictment [10].  He pled guilty, and the Court sentenced him to 60 months in custody followed by three years of supervised release.  J. [25] at 2–3.  Defendant appealed, and the Fifth Circuit dismissed the appeal, on motion of the United States raising the

appellate-waiver provision of the plea agreement.  Appeal [26]; Copy of USCA Op. [33]; *see*

USA Mot. to Enforce Appeal Waiver [29] (No. 24-60642) (filed with 5th Cir.)

> In his current motion, Defendant states:
>
> It has been brought to my attention that a detainer(s) has been placed against me due to the pending charge(s).  This is affecting my ability to enroll in certain programs, receive EARNED GOOD-TIME CREDITS (EGTC), and to receive half-way house placement.
>
> I am hereby consenting to any and all legal procedures that must be done in order to get the matters(s) disposed of.  I am requesting this action under the INTERSTATE AGREEMENT ON DETAINERS ACT OF 1970.  I am asking that any and all unserved warrants against me be served on me expeditiously at this current location.

Mot. [35] (unaltered).

II.    Analysis

"Filing a detainer is an informal procedure in which the INS [(Immigration and

Naturalization Service)] informs prison officials that a person is subject to deportation and

requests that officials give the INS notice of the person's death, impending release, or transfer to

another institution." *Zolicoffer v. U.S. Dep't of Just.*, 315 F.3d 538, 540 (5th Cir. 2003) (citation

omitted).[1]  The United States submits that Defendant's "Enforcement and Removal Order (ERO)

is not subject to judicial review."  Gov't Resp. [41] at 3 (citing 8 U.S.C. § 1252(a)(2)(A)(i)).  It

presents two arguments:  (1) the motion is barred by the plea agreement and (2) Defendant is not

eligible for the relief he seeks.  *Id.* at 3, 5.

***Plea Agreement.***  The United States says that Defendant's post-conviction motion

"seeking the resolution of the ERO is within the bounds of his plea agreement and should

therefore be dismissed with prejudice."  *Id.* at 4.  Defendant's plea agreement does contain a

---

[1] INS was replaced with ICE in 2003.

waiver of his "right to appeal the conviction and sentence imposed in this case" and his "right to contest the conviction and sentence . . . in any post-conviction proceeding."  Plea Agreement [20] at 3; *see* Copy of USCA Op. [33] (dismissing appeal).  But this argument is not clear cut. The ERO is not part of this docket, and it is not mentioned in the Plea Agreement or the Presentence Investigation Report.  *See* PSR [23] ¶ 17 (referencing only the detainer); Plea Agreement [20] at 1 ("Removal and other immigration consequences are the subject of a separate proceeding[.]").[2]  While this may be a valid point, the Court declines to deny relief based on the waivers contained in the plea agreement.

*Ineligible for Relief.*  Next, the United States submits that Defendant is ineligible for good-time credits or placement in a halfway house because of the ERO.  Gov't Resp. [41] at 4–5. "A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C § 3632(d)(4)(E)(i); *see* Gov't Resp. [41] at 5.

Courts within this district have held that § 3632(d)(4)(E)(i) prevents prisoners with a final order of removal from applying good-time credits.  *See Pena-Garcia v. Warden*, No. 3:25-CV-152-DPJ-ASH, 2025 WL 2835486, at *1 (S.D. Miss. Sept. 12, 2025) (recommending dismissal of habeas petition seeking time credits by prisoner under final order of removal), *report and recommendation adopted*, 2025 WL 2831011 (S.D. Miss. Oct. 6, 2025); *Ramos v. Warden*, No. 3:24-CV-508-KHJ-MTP, 2025 WL 1604345, at *1–2 (S.D. Miss. June 6, 2025) (dismissing habeas petition seeking time credits by prisoner under final order of removal); *George v.*

---

[2] If it is part of this docket, the United States did not cite to it in its response.  Gov't Resp. [41] at 2 (citing PSR [23] ¶ 17).

*Baysore*, No. 3:24-CV-361-KHJ-MTP, 2025 WL 1617950, at *1 (S.D. Miss. June 6, 2025) (same).

But these cases reveal two things. First, these challenges are typically brought as separate habeas proceedings, not as a motion within the closed criminal case. *See Pena-Garcia*, 2025 WL 2835486, at *1; *Ramos*, 2025 WL 1604345, at *1–2; *George*, 2025 WL 1617950, at *1. Second, in each case, the final order of removal was either attached to a filing or attested to by affidavit (or both). *See Pena-Garcia*, 2025 WL 2835486, at *1 ("On February 25, 2010, an immigration judge ordered that Pena-Garcia 'be removed from the United States.' Landers Decl. [8-1] Attach. C."); *Ramos*, 2025 WL 1604345, at *1 ("But Ramos is not merely subject to an immigration detainer; he is subject to a final order of removal. Landers Aff. [7-1] at 2–3, 9–10."); *George*, 2025 WL 1617950, at *1 (referring to "Order of Removal [9-2]").[3]

Here, the Court has not seen a final order of removal. That said, Defendant hasn't argued that he is not under such an order, and he declined to file a reply in support of his motion. Under these circumstances, the Court will deny Defendant's request for relief. But this Order will have no preclusive effect if Defendant opts to pursue his claim in a separate habeas proceeding.

---

[3] In its Response, the United States cited *Zuluaga v. Warden, FCI Texarkana*, No. 5:23-CV-128, 2025 WL 2632550, at *4 (E.D. Tex. July 11, 2025) (recommending dismissal of habeas petition and citing copy of "final order of deportation"); *Ortega v. Warden, FCI Texarkana*, No. 5:23-CV-107, 2025 WL 3618826, at *3 (E.D. Tex. Sept. 9, 2025) (recommending dismissal of habeas petition and noting "evidence furnished by Respondent indicates . . . Petitioner does indeed have a final order of deportation"); *Doobay v. Pate*, No. 2:25-CV-1914, 2026 WL 332484, at *1 (W.D. La. Jan. 22, 2026) (recommending dismissal of habeas petition in light of "Final Administrative Removal Order (doc. 1-3)"). *See* Gov't Resp. [41] at 5.

III.    Conclusion

For the reasons stated, Defendant's "Request for Disposition of Pending Charges Pursuant to the Interstate Agreement on Detainers Act (IADA) of 1970," docketed as a motion [35], is denied.

**SO ORDERED AND ADJUDGED** this the 29th day of April, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE